IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CR-390-BO-2

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER OF DETENTION PENDING** |
| | ) **TRIAL** |
| FERNANDO ANTONIO | ) |
| LEYVA-RODRIGUEZ, | ) |
| | ) |
| Defendant. | ) |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives, and defendant the testimony of the proposed third-party custodian, the daughter of defendant's girlfriend (who identifies defendant as her stepfather). The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required and that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was indicted on 9 December 2010 for the following offenses: conspiracy to distribute and possess with the intent to distribute 500 grams or more of cocaine between March 2009 and 18 June 2010 (ct. 1); possession with intent to distribute 500 grams or more of cocaine, and aiding and abetting the same, on or about 18 June 2010 (ct. 2); possession of firearms (*i.e.*, a .45 caliber pistol and a .380 caliber pistol) in furtherance of a drug trafficking crime on or about 18 June

2010 (ct. 3); possession of firearms by an illegal alien on or about 18 June 2010 (ct. 4); and re-entry of a removed alien on or about 18 June 2010 (ct. 5).

The evidence presented at the hearing showed that the charges arise from defendant's participation in a planned controlled sale of about a kilogram of cocaine on 18 June 2010 to a confidential informant. Defendant drove to the agreed location for the sale in a truck. After police moved in to terminate the transaction, their search of defendant's truck located the cocaine in a cupcake box in the truck bed area. One pistol was next to the box and another was in the back seat. In a statement to police, defendant admitted he was attempting to sell the cocaine to the confidential informant. Defendant is a citizen of Mexico, not lawfully in the United States and subject to an ICE detainer. He has been deported three previous times. Although he lives with his girlfriend, her daughter (the proposed third-party custodian), the daughter's newborn baby, and the girlfriend's son in the Fayetteville area, he is married to a woman in Mexico, from whom he is estranged.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug- and gun-related nature of the offenses charged; the circumstances of the offenses charged, including the amount of drugs involved and the involvement of two firearms; defendant's criminal record, including a felony conviction for illegal re-entry after deportation and two misdemeanors; defendant's status as an illegal alien; defendant's history of illegal re-entries in to the United States; defendant's use of aliases; the unsuitability of the proposed third-party

custodial arrangement due to the high degree of flight risk and risk of danger presented by defendant, and the proposed custodian's need to tend to her newborn baby (10 days old), apparent dependence on the defendant, evasiveness in testifying about defendant's marital status, and likely unwillingess to report defendant; and, as indicated, the other findings and reasons stated in open court.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 3rd day of January 2011.

James E. Gates
United States Magistrate Judge